# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE LANG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,[1]<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:18-cv-01605-SKO<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 18) |

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying her application for Social Security disability benefits, Plaintiff Stephanie Lang ("Plaintiff") filed an application for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") and for expenses in the total amount of $8,416.47. (*See* Doc. 18.)

On July 2, 2020, the Commissioner filed an opposition asserting Plaintiff is not entitled to fees under the EAJA because his position was substantially justified. (*See* Doc. 20.) Alternatively, the Commissioner contends that the number of hours sought is unreasonable and should be reduced accordingly. (*Id.*) Plaintiff filed a reply on July 16, 2020, seeking additional 4.9 hours at a rate of $205.25, totaling $1,0005.73. (Doc. 21.)

For the reasons set forth below, Plaintiff's application for EAJA fees and expenses is

---
[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

GRANTED IN PART.

## I. BACKGROUND

Plaintiff filed this action on November 20, 2018, seeking judicial review of a final administrative decision denying her application for Social Security disability benefits. (Doc. 1.) On March 12, 2020, the Court issued an order reversing the ALJ's decision and remanding the case for award or benefits based on the ALJ's error in the evaluation of the consultative examiner's opinion regarding Plaintiff's mental limitations. (Doc. 16.)

On June 4, 2020, Plaintiff filed a motion for EAJA fees and expenses, contending she is the prevailing party in this litigation and seeking a total award of $8,416.47 payable to Stewart Barasch of the Olinsky Law Group. (*See* Doc. 18, seeking an award of $8,416.47 (36.4 hours in attorney time, 7.5 hours in paralegal time, and $16.26 in costs).) The Commissioner filed an opposition asserting that Plaintiff's fee request should be denied because his position was substantially justified because the Commissioner had a reasonable basis for its litigation position that the ALJ properly disregarded the consultative examiner's opinion and because "reasonable minds can differ" as to Plaintiff's argument that the ALJ's unconstitutional appointment required remand. (*See* Doc. 20 at 3–6.)

Alternatively, the Commissioner contends that Plaintiff spent an unreasonable number of hours on briefing issues that the Court ultimately did not consider and impermissibly billed her time in "unexplained block-billing entries." (Doc. 20 at 7–8.) Specifically, the Commissioner asserts that Plaintiff's counsel's fees should be reduced by two-third (24 hours) to 12.4 hours for a total of fee award of $3,482.60. (*See id*. at 8.) The Commissioner also contends that the Court should order any fees awarded be paid to Plaintiff, rather than her attorney, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010). (*See id.* at 9–10.) Plaintiff filed a reply on July 16, 2020, seeking additional 4.9 hours at a rate of $205.25, totaling $1,005.73. (*See* Doc. 21.)

It is Plaintiff's motion for fees and expenses under the EAJA that is currently pending before the Court.

## II. LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses

. . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

### III.   ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation. Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court thus considers below whether Defendant's actions were substantially justified.

**A.   The Government's Position was Not Substantially Justified.**

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir.

2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161.

In considering whether the position of the government is substantially justified, the position of the United States includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). In the social security context, it is the ALJ's decision that is considered the "action or failure to act" by the agency. *Id.* Under the substantial justification test, the court first considers the ALJ's decision and then considers the government's litigation position in defending that decision. *Id.* Where the underlying ALJ decision is not substantially justified, a court need not address whether the government's litigation position was justified. *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings" (internal quotation marks and citation omitted)). The burden of establishing substantial justification is on the government. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Pursuant to *Meier*, determining whether the agency's position was substantially justified requires first examining the ALJ's decision for substantial justification. 727 F.3d at 870. Here, the Commissioner's argument that its position in this case was substantially justified is unpersuasive. As the Court previously found, the ALJ committed legal error by failing to provide specific and legitimate reasons for discounting the opinion of the consultative examiner regarding Plaintiff's mental limitations. (*See* Doc. 16.) The ALJ gave "little weight" to the opinion, reasoning that it was inconsistent with (1) the objective medical evidence; and (2) Plaintiff's activities of daily living. However, as the Court explained, those reasons were clearly not specific and legitimate. The portions of the medical record to which the ALJ did cite, which were few, did not support their finding of inconsistency. Nor did Plaintiff's cited activities of daily living. (*See id.*)

The Commissioner's reliance on *Magallanes v. Bowen*, 881 F.2d 747 (9th Cir. 1989) is misplaced. The *Magallanes* decision stands for the unremarkable proposition that "[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted," but it goes

4

on to explain that "[t]o reject the opinion of a treating physician which conflicts with that of an examining physician, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." It is with respect to this latter point that the Court found the ALJ erred in this case.

Equally unavailing is the Commissioner's assertion that his position, taken before this Court, that the ALJ was properly appointed was substantially justified. That the Commissioner believed his litigation position before the Court was substantially justified does not vitiate the error at the administrative level. *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991) (government's position must be "substantially justified" at "each stage of the proceedings"). Moreover, because the Court remanded the case for further proceedings, it did not consider this argument in its decision. (*See* Doc. 16 at 18–19.)

The Commissioner has not satisfied his burden to show the government's position was substantially justified at each stage of the proceedings. It is the ALJ's duty in the first instance to set forth specific and legitimate reasons for discounting a consultative examiner's opinion. Because the ALJ failed to discharge that duty, remand was warranted, and the Commissioner's decision to defend the ALJ's error was not substantially justified. Accordingly, because the Commissioner's position in defending the ALJ's erroneous conduct was not substantially justified, and there are no other special circumstances that would make an award of EAJA fees unjust, the Court finds that Plaintiff is entitled to an award of fees and costs pursuant to the EAJA.

**B.   Plaintiff's Fee Request Must Be Modified**

Plaintiff seeks a total award of $9,422.20, comprised of 41.3 hours in attorney time, 7.5 hours in paralegal time, and $16.26 in costs, payable to her attorney's law firm. (*See* Docs. 18, 21.) The Commissioner does not object to Plaintiff's hourly rate but contends that Plaintiff spent an unreasonable number of hours on briefing issues that the Court ultimately did not consider and impermissibly billed her time in "unexplained block-billing entries." (Doc. 20 at 7–8.) Specifically, the Commissioner asserts that Plaintiff's counsel's fees should be reduced by two-thirds (24 hours) to 12.4 hours at $205.25 per hour, for a total of fee award of $3,482.60. (*See id*. at 8.) On its own motion, the Court notes inappropriate overbilling and billing of duplicative activities and those more

properly delegated to clerical or paraprofessional staff.

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id.* at 989. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Hensley* 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Here, Plaintiff's counsel Stewart Barasch reports that several attorneys with Olinsky Law Group worked on this action, including Mr. Barasch, Howard Olinsky, and Melissa Palmer. (Doc. 18 at 6, 14–15.) Tasks completed by the attorneys and professional staff with Olinsky Law Group include reviewing the ALJ's decision and the administrative record that was approximately 1,200 pages long; drafting Plaintiff's confidential letter brief, opening brief, and reply brief; and preparing the request for EAJA fees now pending before the Court. (*See* Doc. 18 at 6, 11–15.) According to

Mr. Barasch, he and the other attorneys expended 36.4 hours on work related to Plaintiff's appeal, including 2.3 hours in 2018 and 39 hours in 2019 and 2020. (*Id*. at 6, 14, 15; Doc. 21 at 5.) Timesheets indicate nine paralegals with the firm expended 7.5 hours between 2018 and 2020 on Plaintiff's appeal. (*See* Doc. 18 at 6, 17.)

### 1.     **Duplicate Tasks**

The Court first observes that the time sheets provided by counsel indicate several duplicated tasks due to the number of individuals who worked on the action. Melissa Palmer indicated that she spent over 16 hours drafting the opening brief in 2019. (Doc. 18 at 11.) Howard Olinsky billed 1.0 hours for reviewing the document and "suggesting" edits. (*Id*. at 3.) Ms. Palmer billed 0.4 hours implementing the edits, finalizing the brief, and forwarding to local counsel. In turn, Mr. Barasch gave the document a second review, for which he billed 0.5 hours. (*Id*.) There is no explanation why a document reviewed and edited by senior counsel at the law firm required another attorney to implement those edits and yet another attorney to review the document prior to its filing. After the opening brief was drafted by Ms. Palmer, Mr. Olinsky reviewed the document and suggested edits, Ms. Palmer implemented the edits, and Mr. Barasch then reviewed the document, for which they billed a total of 0.7 hours. Likewise, counsel indicates that they billed .4 hours to review the Commissioner's opposition, 4.2 hours to draft the reply brief, .2 hours for a senior attorney to review it, and .1 hours to implement edits. (*See* Doc. 21 at 5.) Thus, the Court will deduct 1.1 hour of attorney time billed in 2019 and 2020 from the fee award for the duplicative nature of the document review. *See Hensley,* 461 U.S. at 434 (Hours that are excessive, redundant, or otherwise unnecessary should be excluded from an award of fees.).

### 2.     **Clerical Tasks**

The Supreme Court determined that "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). For example, the time spent to e-file documents is routinely found to be clerical work that is non-compensable. *See L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009) (finding organizing and updating files was clerical and declining to award fees where the applicant "tendered no evidence that these are tasks that required the skill of a paralegal"). Here,

7

1   Mr. Barasch billed 0.1 hour on April 26, 2019, for filing Plaintiff's letter brief (which, incidentally,
2   is not required to be filed), which will be deducted from the fee award. (*See* Doc. 18 at 11.)

3         In addition, courts in the Ninth Circuit have determined drafting and preparing documents
4   related to service of process are clerical tasks and reduced the number of hours awarded as fees
5   accordingly. *See, e.g., Kirk v. Berryhill* 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) ("drafting
6   letters and preparing documents related to representation and service of process . . . could have been
7   completed by experienced support staff"); *Bailey v. Colvin*, No. 3:12–CV–01092–BR, 2013 WL
8   6887158, at *4 (D. Or. Dec. 31, 2013) (denying fees for "service of process" because "the Court
9   may not award fees for clerical work even when the work is performed by attorneys"). Because the
10  timesheets submitted by Plaintiff include 0.6 hours for preparing "service of process packets" by
11  Moira Deutch in 2018 (*see* Doc. 18 at 11), this time will be deducted from the fee award due to its
12  clerical nature.

13        **3.**    **"Block Billing" and Overbilling**

14        As the Commissioner points out (*see* Doc. 20 at 8), the time entries are presented in a "block"
15  format, which bundles tasks in a block of time and "makes it more difficult to determine how much
16  time was spent on particular activities." *Welch v. Metro. Life Ins.*, 480 F.3d 942, 948 (9th Cir. 2007).
17  Accordingly, the Ninth Circuit explained that, where the attorney presents time expended in
18  "blocks," the Court may "simply reduce[] the fee to a reasonable amount." *Fischer v. SJB-P.D.*
19  *Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Welch*, 480 F.3d at 948 ("We do not quarrel with
20  the district court's authority to reduce hours that are billed in block format"). This is particularly
21  troublesome where, as here, entries include both compensable and clerical tasks, such as sending
22  nonsubstantive email to counsel. *See Meeker v. Berryhill*, No. 3:17-CV-05212-DWC, 2018 WL
23  1941793, at *4 (W.D. Wash. Apr. 25, 2018) (reducing fees for time spent on clerical tasks such as
24  sending brief emails to opposing counsel). For example, entries from Mr. Olinsky in 2018 and Ms.
25  Palmer in 2019 indicate time to draft documents and to also forward those documents via email to
26  co-counsel. (*See* Doc. 18 at 11, 15.)

27        The Commissioner also contends that the fee award should be reduced by two thirds because
28  most of the attorney and paralegal time was spent researching issues and preparing arguments that

the Court did not consider, having first found error with the ALJ's consideration of the consultative examiner's opinion. (*See* Doc. 20 at 7.) Until the Court issued its decision, however, Plaintiff's counsel could not have predicted that it would prevail on the consultative examiner issue and thus could not have known that its briefing relating to its alternative argument relating to the appointment of the ALJ was "unnecessary." The Commissioner's post hoc assertion, made with the benefit of hindsight, is therefore without merit.

However, the Court's review of the time sheets provided does raise concerns regarding overbilling in other respects.[2] For example, the Court cannot find it was reasonable for Mr. Olinsky to bill a total of 0.3 hours in 2018 to review the motion to proceed in forma pauperis (Doc. 2), the Court's order granting same (Doc. 4), and the executed summons (Doc. 7)—all of which are either brief, and in some cases preprinted, documents. (*See* Doc. 18 at 14.) Mr. Barasch indicated it took a total of 0.6 hours in 2018 to review the standard initial case documents and scheduling order issued in all social security appeals filed in this Court (Doc. 6), to review a "proof of service" (presumably the same executed summons reviewed by Mr. Olinsky), and to execute the magistrate judge consent form, which is a simple, single page document (Doc. 8). (*See* Doc. 18 at 14.) It is unreasonable to report that it took 36 minutes to review standard case documents and preprinted summons and to complete the one-page check-box consent form.

Given the block billing and overbilling that occurred, the Court exercises its discretion to reduce the remaining reported time by 10 percent. *See Moreno*, 534 F.3d at 1112 (a district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion").

### 4.   **Hourly Rates**

Plaintiff requests "an hourly rate of $201.60 for attorney work performed in 2018 and an hourly rate of $205.25 for attorney work performed in 2019 and 2020" and $125.00 for paralegal time. (Doc. 18 at 5.) As indicated above, the Commissioner does not object to these rates. (*See* Doc. 20 at 8.) In accordance with the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870,

---

[2] This is not the first time this Court has raised these concerns with Mr. Barasch and his firm. *See, e.g., Loza v. Berryhill*, No. 1:17-CV-00598 - JLT, 2019 WL 1367801, at *4 (E.D. Cal. Mar. 26, 2019).

876–77 (9th Cir. 2005), the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. The requested attorney rates are consistent with the statutory maximum rates as set forth by the Ninth Circuit, *see id*., and the requested paralegal rate is within the range of accepted rates in the Fresno Division of the Eastern District of California, *see Silvester v. Harris*, No. 1:11–CV–2137 AWI SAB, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 2014) ("The current reasonable hourly rate for paralegal work in the Fresno Division ranges from $75 to $150, depending on experience"). Consequently, the Court finds the hourly rates requested are reasonable.

### 5.    Amount to Be Awarded

With the deductions set forth above, attorneys with Olinsky Law Group expended a total of 36.09 hours on compensable work in this action on behalf of Plaintiff, which includes 2.07 hours in 2018 and 34.02 hours in 2019 and 2020. The paralegals expended a total of 6.21 compensable hours this action. The Court finds the total of 42.3 hours to be reasonable considering the tasks performed by counsel and the professional staff, and the results achieved. Accordingly, Plaintiff is entitled to an award of $8,176.17.[3]

## C.    Plaintiff is Not Entitled to Her Expenses

Plaintiff seeks "the amount of $16.26 for reimbursement of the service of process expenses." (Doc. 18 at 6.) Significantly, however, the Court granted Plaintiff's request to proceed in forma pauperis in this action and directed the U.S. Marshal "serve a copy of the complaint, summons, and this order upon the defendant." (Doc. 4 at 1.) When a plaintiff proceeds in forma pauperis and the U.S. Marshal has been directed to complete service, the plaintiff may not recover expenses related to service. *Francesconi v. Saul,* No. 1:17-cv-01391-JLT, 2019 WL 3410390, at *4 (E.D. Cal. July 29, 2019). Accordingly, Plaintiff's request for expenses shall be denied.

///

---

[3] This amount includes $417.31 for the work completed by counsel in 2018; $6,982.61 for the work completed by counsel in 2019 and 2020; and $776.25 for the work completed by the paralegals.

**D.     Payment of Fees to Plaintiff**

Finally, the Commissioner requests that any fee award be made directly to Plaintiff. (Doc. 20 at 9–10.) *Astrue v. Ratliff*, 560 U.S. 586 (2010), requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district routinely order payment directly to counsel so long as the plaintiff does not have a debt that is subject to offset and she assigned her right to EAJA fees to counsel. *See, e.g, Young v. Berryhill*, No. 2:14–cv–2585–EFB, 2017 WL 4387315, at *3 (E.D. Cal. Oct. 3, 2017) (collecting cases). Here, Plaintiff assigned her right to EAJA fees to her attorney. (Doc. 18 at 6; 21.) Accordingly, should Plaintiff not have a debt that is subject to offset, the award of fees may be paid directly to counsel.

## IV.     CONCLUSION AND ORDER

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). With the deductions set forth above, Olinsky Law Group expended a total 42.3 hours on compensable work in this action, which is reasonable considering the tasks performed on Plaintiff's behalf and results achieved.

Based upon the foregoing, the Court ORDERS:

1. Plaintiff's motion for attorney's fees (Doc. 18) is GRANTED in part, in the modified amount of $8,176.17;

2. Plaintiff's request for expenses is DENIED;

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government SHALL accept Plaintiff's assignment of EAJA fees and make them payable directly to Plaintiff's counsel, Stuart Barasch of the Olinsky Law Firm; and

4. Payment SHALL be mailed to Plaintiff's counsel of record, Stuart Barasch of the Olinsky Law Firm.

IT IS SO ORDERED.

Dated:     **July 28, 2020**                                /s/ *Sheila K. Oberto*                .
                                                      UNITED STATES MAGISTRATE JUDGE