# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE LANG,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br>Acting Commissioner of Social Security[1],<br><br>　　　　　　Defendant.　　　　／ | Case No. 1:18-cv-01605-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 23) |

## I.　　INTRODUCTION

On March 13, 2024, Stuart T. Barasch ("Counsel"), counsel for Plaintiff Stephanie Lang ("Plaintiff"), filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("section 406(b)"). (Doc. 23.) On March 14, 2024, the Court issued a minute order requiring Plaintiff and the Commissioner to file their responses in opposition or statements of non-opposition to Counsel's motion, if any, in accordance with this Court's local rules. (Doc. 24.) Plaintiff and the Commissioner were served with copies of the motion for attorney's fees. (Docs. 28, 29.)

On March 20, 2024, the Commissioner filed a response, acknowledging it has "no direct financial stake in the outcome" of the motion, and therefore "neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)." (Doc. 26 at 2.) Plaintiff did not file any objection to the motion by the deadline, and no reply brief was filed. (*See* Docket).

---

[1] On December 20, 2023, Martin O'Malley was named Commissioner of the Social Security Administration. *See* https://www.ssa.gov/history/commissioners.html. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant.").

For the reasons set forth below, Counsel's motion for an award of attorney's fees is granted in the amount of $12,992.25, subject to an offset of $8,176.17 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on July 28, 2020 (*see* Doc. 22).

## II.     BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying their claim for disability benefits under the Social Security Act. (Doc. 1.) The Court reversed the Commissioner's denial of benefits and remanded the case to the agency for further proceedings. (Doc. 16.) Judgment was entered in favor of Plaintiff and against the Commissioner on March 12, 2020. (Doc. 17.) On June 4, 2020, Plaintiff filed a motion for attorney's fees under the EAJA, which was granted in part in the amount of $8,176.17. (Docs. 18, 22.)

On February 17, 2024, the Commissioner issued a letter to Plaintiff approving her claim for disability benefits and awarding her $80,769.00 in back payments beginning July 2014 through January 2021. (*See* Doc. 23-3; Doc. 23-1 at 2.) On March 13, 2024, Counsel filed a motion for attorney's fees in the amount of $12,992.25, less than 25% of Plaintiff's back benefits ($20,192.25), with an offset of $8,176.17 for EAJA fees already awarded. (Doc. 23.) It is Counsel's motion for attorney's fees that is currently pending before the Court.

## III.     DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147

(9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Acting Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807–08).

3

Here, the fee agreement between Plaintiff and Counsel's law firm, signed by both parties, provides in pertinent part:

> I understand that my federal court attorney also has the right to ask the court to award any remaining balance of 25% of my past-due benefits ("406(b) fees") for representing me in federal court.  My federal court attorney has this right if the representative, who represents me during remand proceedings, does not collect the full 25% of my past-due benefits during a remand proceeding; **and also** if (1) my case is remanded pursuant to sentence 6 of § 205(g) of the Social Security Act; **or** (2) my case is remanded pursuant to sentence 4 of § 205(g) of the Social Security Act and my federal court attorney is unable to collect the authorized EAJA award due to any unpaid federal debt that I may have at the conclusion of the federal case; or if I failed to effectively assign the EAJA award to my federal court attorney; or at the discretion of my federal court attorney.  I understand that if the court awards my federal court attorney a fee out of my past-due benefits and also awards an EAJA fee for that same work, my federal court attorney must refund the smaller fee to me. I understand that the SSA will withhold my past-due benefits and will send any approved fee to my federal court attorney.  If SSA, through error, fails to withhold my federal court attorney's fee and pays the legal fee to me by mistake (which sometimes happens), I will pay my federal court attorney promptly from the back benefits I receive.  If my retroactive payment is released in installments, I agree that I will pay the entire authorized federal court attorney's fee from the first installment.

(Doc. 23-2 at 2 (signed November 15, 2018) (emphasis in original).)

The Court has considered the character of Counsel's representation of Plaintiff and the good results achieved by Counsel, which included an award of benefits.  Counsel and his colleagues spent 43.9 hours representing Plaintiff, ultimately gaining a favorable decision in that the Commissioner's decision was reversed and remanded to the agency for reconsideration.  (Doc. 23-1 at 2; Doc. 23-4 (time sheets accounting for 43.9 attorney and paralegal hours spent representing Plaintiff before this Court).)  There is no indication that a reduction of the award is warranted due to any substandard performance by Counsel, as Counsel secured a successful result for Plaintiff.  There is also no evidence that counsel engaged in any dilatory conduct resulting in delay.

The accepted hourly fee range in the Fresno Division in non-contingency fee cases is between $75 and $150 for paralegals; between $200 and $575 for associates; and between $675 and $750 for senior counsel and partners.  *See Kang v. Credit Bureau Connection, Inc.*, No. 1:18-CV-01359-SKO, 2023 WL 6811994, at *12 (E.D. Cal. Oct. 16, 2023) ("The Court has performed a comprehensive survey of attorney fees awarded in the Eastern District and finds current hourly rates

range from $200 to $750 . . . .") (collecting cases); *id.* at *13 ("Paralegal rates within the Eastern District range from $75 to approximately $150.00 per hour, depending on experience."). *See also Mathein v. Pier 1 Imports (U.S.), Inc.*, No. 1:16-CV-00087-DAD-SAB, 2018 WL 1993727, at *11 (E.D. Cal. Apr. 27, 2018); *Emmons v. Quest Diagnostics Clinical Labs., Inc.*, No. 1:13-CV-00474-DAD-BAM, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017) (accepting hourly rates between $330 and $550 for associates, and $500 and $720 for partners). Here, the effective hourly rate requested, $295.95, is generally within this range (*see* Doc. 23-1 at 3). This hourly rate is also not excessive when compared to what the Ninth Circuit has approved in cases involving social security contingency fee arrangements. *See Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902); *see also Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09-cv-0490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work); *Villa v. Astrue,* No. CIV-S−06-0846-GGH, 2010 WL 118454, at *1−2 (E.D. Cal. Jan. 7, 2010) (approving section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business"). Further, attorney's fees in the amount of $12,992.25 do not exceed, and are in fact less than, 25% of the past-due benefits awarded and are not excessive in relation to the past-due award. [2] *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12-cv-01030-AWI-SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12-cv-00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant

---

[2] Plaintiff's hearing level representative previously was awarded $7,200.00 in administrative fees. (*See* Doc. 23-1 at 2.) Section 406(b) limits only the amount of attorney's fees awarded under section 406(b), and not the combined fees awarded under both sections 406(a) and 406(b), *see Clark v. Astrue*, 529 F.3d 1211, 1213 (9th Cir. 2008). Nevertheless, the combined fees do not exceed 25% of the past-due benefits awarded.

to section 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2 (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and Counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'") (quoting *Gisbrecht*, 535 U.S. at 807)). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. (*See* Doc. 23-2.) Working efficiently and effectively, Counsel secured a remand, and ultimately, the award of substantial benefits to Plaintiff. (*See* Docs. 16, 23-3.)

An award of attorney's fees in the amount of $12,992.25 is, therefore, appropriate. An award fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. As Plaintiff was previously awarded $8,176.17 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

### IV.     CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Counsel pursuant to section 406(b) are reasonable. Accordingly, IT IS ORDERED that:

1. Counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $12,992.25 (Doc. 23) is granted;

2. Counsel shall refund to Plaintiff $8,176.17 of the fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) (Doc. 22); and

3. Counsel for Plaintiff shall file on the Court's docket proof of service of this order upon Plaintiff at her current or last known address.

IT IS SO ORDERED.

Dated:  **April 10, 2024**                    /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE